IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DANIEL HARGROVE,** | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:12-CV-0047-MTT-CHW |
| VS. | : | |
| | : | |
| **WARDEN GLEN JOHNSON,** | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

## ORDER & RECOMMENDATION

Plaintiff **DANIEL HARGROVE**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated February 13, 2012, this Court granted Plaintiff's application to proceed *in forma pauperis*, but ordered Plaintiff to pay an initial partial filing fee of $ 4.95 See 28 U.S.C.§ 1915(b)(1). Plaintiff has now demonstrated his inability to pay even this partial fee.[1] The initial partial filing fee required by 28 U.S.C.§ 1915(b)(1) will, therefore, be waived, and Plaintiff will be permitted to proceed without pre-paying any portion of the filing fee. Plaintiff, however, will still be required to eventually pay the entire $350.00 filing fee, under the payment plan described in § 1915(b), as both explained in the Court's prior Order [Doc. 7] and restated herein. For this reason, the Clerk is **DIRECTED** to send a copy of this Order to the business manager at Hancock State Prison in Sparta, Georgia.

---

[1] In objection to the fee imposed, Plaintiff filed a Motion for Dismissal or Discharge [Doc. 10]. This Motion is now **MOOT** and is hereby **DISMISSED** as such.

Plaintiff's Complaint is now ripe for a preliminary review under 28 U.S.C. § 1915A(a), and having considered Plaintiff's claims, the Court finds that the Complaint contains sufficient allegations against Warden Johnson, Chaplin Hill, and Deputy Warden George Ivy to warrant service on these Defendants. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** from this action under 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court must still dismiss a prisoner complaint after the initial review if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is considered to be "frivolous" if it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint "fails to state a claim" when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

**ANALYSIS OF CLAIMS**

The present action arises out the Plaintiff's confinement at Hancock State Prison. Plaintiff appears to raise three different claims through his allegations: (1) claims for the denial of adequate clothing in violation of the Eighth Amendment; (2) claims of unlawful retaliation; and (3) claims for violation of his right to freely exercise his religion, as guaranteed by both the First


Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[2] 42 U.S.C. § 2000cc.[3]  For the reasons discussed below, only the First Amendment and RLUIPA claims will be permitted to go forward.

    I.     Denial of Clothing Claim

In his Complaint, Plaintiff first alleges that Defendants Warden Glen Johnson, Unit Manager Tommy Trimble, Sergeant Bellinger, and Sergeant Floyd have individually and collectively denied him access to new clothing.  Plaintiff does not allege that he is entirely without clothing.  Rather, Plaintiff alleges that he has not been provided with "new" underwear, socks or boots and has instead been required to wear "used clothes and boots" – despite the $50.00 allowance the prison is provided to clothe each inmate.   Plaintiff has apparently suffered no injury as a result of being made to wear "used" clothing, but suggest that the denial of new clothing may put him at risk for "health issues."

Absent any physical injury, Plaintiff cannot state a claim for compensatory or punitive damages based on the alleged denial of adequate clothing. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior

---

[2] Though the Complaint alleges violations of the Religious Freedom Restoration Act ("RFRA"), the Court assumes that Plaintiff intended to state a claim under RLUIPA. Congress enacted RLUIPA after the United States Supreme Court struck down RFRA insofar as it applied to states and localities. See City of Boeme v. Flores, 521 U.S. 507(1997); see also, Cutter v. Wilkinson, 544 U.S. 709, 714, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005); Sossamon v. Texas, 131 S.Ct. 1651, 1653, 179 L.Ed.2d 700 (2011). The RFRA is thus inapplicable to Plaintiff's free exercise claims. See Marsh v. Florida Dept. of Corrections, 330 Fed. Appx. 179, 182 n. 3 (11th Cir. 2009). To the extent that Plaintiff intended to state a claim against prison officials under the RFRA of 1993, it is **RECOMMENDED** that this claim be **DISMISSED**.

[3] In his "Certification Motion" [Doc. 3], Plaintiff further accuses prison officials of "mail censorship" and of violating inmates' right to freedom of speech.  It is unclear whether these allegations were intended to supplement his Complaint or to merely support his request for class certification. In either case, the conclusory allegations are insufficient to state a constitutional claim and will thus not be addressed herein.

showing of physical injury." 42 U.S.C. § 1997e(e).  The Eleventh Circuit has interpreted this provision to mean that if "a prisoner has not suffered some physical injury" and thus "cannot show anything more than mental or emotional suffering, [he] is foreclosed from obtaining compensatory or punitive damages even if there has been some violation of his constitutional rights."  Jones v. Ross, 2010 WL 2521436 at *2 (S.D. Fla. April 26, 2010).

Moreover, even if Plaintiff pursued only a claim for nominal damages or injunctive relief in this case, his allegations fail to allege a constitutional violation.  Generally speaking, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Thus, to prevail on a condition of confinement claim, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue."  Id.  Under the first prong, the Court must assess whether the alleged condition is "extreme," posing "an unreasonable risk of serious damage to [the prisoner's] future health or safety."  Id.  Plaintiff's Complaint does not allege a condition of this magnitude and thus fails to state an Eighth Amendment claim.

It is accordingly **RECOMMENDED** that any attempted Eighth Amendment claim for denial of adequate clothing be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

II.     Retaliation Claim

Plaintiff may have also attempted to bring a retaliation claim.  If so, the claim is ambiguous, at best.  The Complaint merely alleges that Plaintiff was put in segregation because he has knowledge of "something" and asks the Court to "inform the staff that retaliation is illegal."

5

Plaintiff is correct that some forms of retaliation are unlawful. See e.g., Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (a prison official may not retaliate against an inmate for exercising the right of free speech). However, nothing in the present Complaint suggests that Plaintiff has been subjected to retaliation because he engaged in protected conduct. He simply alleges that "the staff" retaliated against him because he knows "something." These allegations are insufficient to support a constitutional claim.

Moreover, Plaintiff has failed to identify any individual responsible for the alleged retaliation or request any legitimate relief. Even when the Complaint is read liberally and interpreted to request an injunction prohibiting the staff from unlawfully retaliating against Plaintiff, the requested relief is not available. The Court cannot simply issue a general injunction barring unnamed persons from violating the law. See SEC v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."); Payne v. Travenol Lab., Inc., 565 F.2d 895, 898 (11th Cir. 1978) ("'[O]bey the law' injunctions cannot be sustained."); Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Plaintiff has thus not stated a viable retaliation claim, and it is **RECOMMENDED** that any attempted retaliation claim be **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

III.   Free Exercise Claims

Plaintiff's Complaint finally alleges that Defendant Warden Johnson, Chaplin Hill, and Deputy Warden George Ivy have violated his right to freely exercise his religion. The Complaint alleges that Warden Johnson "has informed his staff to write up and lock up any Muslim they see congregating religiously in the dorms." Chaplin Hill allegedly "favors" this policy and has "helped mak[e] it a crime for Muslims to congregate and pray in the dorms." As a result of this policy inmates are apparently "not allow[ed] to talk in certain areas of the institution." Plaintiff

further alleges that Defendant Deputy Warden George Ivy is Warden Johnson's "enforcer" and is apparently the one "who lock[s] up people" for exercising their Muslim religion in the dorms. Plaintiff complained about the policy internally and alleges that Defendant Shevondah Fields violated his constitutional rights by failing to fully investigate his complaints.

The allegations against Warden Johnson, Chaplin Hill and Deputy Warden George Ivy, when read in a light most favorable to the Plaintiff, may support a claim for relief under 42 U.S.C. § 1983 and/or 42 U.S.C. § 2000cc.  Accordingly, Plaintiff's free exercise claims against these Defendants will be allowed to go forward.   Plaintiff fails, however, to state any cognizable claim against Shevondah Fields. Plaintiff cannot support a constitutional claim by merely alleging that Defendant Fields failed fully investigate his complaints.  See Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983)) ("the failure to investigate an accident/incident, without more, does not violate any constitutional rights"). It is thus **RECOMMENDED** that any claim against Defendant Shevondah Fields be **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that the Complaint fails to state a constitutional claim for denial of adequate clothing or for retaliation. It is **RECOMMENDED** that those claims and Defendants **Tommy Trimble**, **Sergeant Bellinger**, **Sergeant Floyd**, and **Shevondah Fields** be **DISMISSED** from this action.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within **FOURTEEN (14) days** after being served a copy of this Order.

Plaintiff's free exercise claims against Defendants **Warden Johnson**, **Chaplin Hill** and **Deputy Warden George Ivy** will be permitted to proceed beyond the frivolity review stage.   It is

7

thus **ORDERED** that service be made against these Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are also reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings,

and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required

to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party is required to respond to requests exceeding these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments

from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 30th day of March, 2012.

                                                        s/ Charles H. Weigle_____
                                                       Charles H. Weigle
                                                       United States Magistrate Judge