IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DANIEL HARGROVE,** : | |
| : | |
| **Plaintiff** : | |
| : | NO. 5:12-CV-0047-MTT-CHW |
| **VS.** : | |
| : | |
| **WARDEN GLEN JOHNSON,** : | |
| : | |
| **Defendants** : | |
| : | |

## **RECOMMENDATION ON MOTION TO DISMISS**

Currently before the Court is Defendants' Motion to Dismiss [ECF No. 24]. Through this Motion, Defendants seek dismissal of Plaintiff's claims, in part, under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

Defendants are correct that, because Plaintiff is attempting to proceed *in forma pauperis* in a civil action in federal court, he must comply with the mandates of the PLRA, which specifically prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See <u>Rivera v. Allin</u>, 144 F.3d 719, 721-27 (11th Cir. 1998), abrogated on other grounds by <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Thus, dismissal of a prisoner complaint under this section is constitutional. <u>Id.</u>

1

In their Motion to Dismiss, Defendants cite many prior dismissals as strikes: Hargrove v. United States of America Corp., 1:11-CV-260 (N.D. Ga. Aug. 8, 2011); Hargrove v. United States of America Corp., No. 12-12781-D (11th Cir. July 24, 2012) (dismissing appeal of Case No. 1:11-CV-260 for lack of jurisdiction); Hargrove v. United States of America Corp., 5:11-CV-349 (M.D. Ga. September 28, 2011); Hargrove v. United States of America Corp., No. 11-14720-B (11th Cir. March 29, 2012) (order finding that the appeal of Case No. 5:11-CV-349 was frivolous); Hargrove v. United States of America Corp., 1:11-cv-02568-AT (N.D. Ga. Jan. 12, 2012). These dismissals may *not* be used as strikes, however, as the dismissals occurred after Plaintiff filed his Complaint or were pending appeal at the time. See Thompson v. Drug Enforcement Admin., 492 F.3d 428, 440 (C.A. D.C. 2007) (holding that district court's dismissal of prisoner's civil suit cannot count as strike if dismissal is appealed and appeal is pending); Davis v. Kyle, 318 F. App'x 269, 270 (5th Cir. 2009) (holding that court erred in attributing a strike to prisoner seeking leave to proceed *in forma pauperis* in § 1983 action based on the district court's prior dismissal, as frivolous, of a claim that was still pending appeal); Lopez v. U.S. Dept. of Justice, 228 F. App'x 218, 219 (3rd Cir. 2007) (dismissal did not qualify as "strike" where inmate's appeal was pending when he filed complaint in subsequent action).

Nonetheless, court records on the U.S. District Web PACER Docket Report, do show that Plaintiff has many more dismissals: Hargrove v. Smith, 6:06-cv-0002-BAE-JEG (dismissed for failure to respond February 13, 2006); Hargrove v. Finch, 1:07-cv-950-ODE (dismissed as frivolous under § 1915A May 7, 2007); Hargrove v. Upton, 6:08-cv-0002-BAE-JEG (dismissed for failure to respond March 24, 2008); Hargrove v. United States of America Corp., No. 11-12086-H (11th Cir. July 12, 2011) (dismissing appeal filed in case 1:11-CV-260 (N.D. Ga.) for lack of jurisdiction); Hargrove v. United States of America Corp., No. 1l-12429-H (11th Cir. July 29, 2011) (dismissing appeal filed in case 1:11-CV-260 (N.D. Ga.) for lack of jurisdiction); Hargrove v. United States of America Corp., No. 11-13854-E (11th Cir. Sept. 22, 2011)

(dismissing appeal filed in case 1:11-CV-260 (N.D. Ga.) for want of prosecution).

Though only one of these cases was expressly dismissed as "frivolous," three others were dismissed for failure to respond or for want of prosecution: Hargrove, 6:06-cv-0002-BAE-JEG; Hargrove, 6:08-cv-0002-BAE-JEG; Hargrove, No. 11-13854-E.  In each case, Plaintiff initiated the action or appeal and then failed to respond to the initial requirements imposed by the Court. Plaintiff essentially abandoned the cases after filing.  District courts within this Circuit have counted these types of dismissals as strikes under § 1915(g).   See e.g., Lanier v. Ryan, 2011 WL 1303291 (S.D. Fla. March 9, 2011). See also, Allen v. Clark, 266 F. App'x. 815, 817 (11th Cir. 2008) ("a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: 'dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).' [Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998)]"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir.1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). The Eleventh Circuit has likewise held that a dismissal for failure to prosecute may constitute a "strike" for the purposes of § 1915(g). See Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008).

Moreover, two of Plaintiff's appeals were dismissed for lack of jurisdiction.  In both cases, Plaintiff's appeals were essentially found to be without legal merit.  In one, Plaintiff failed to "designate any judgment or order being appealed from," No. 11-12086-H, and in the other Plaintiff sought to appeal a report and recommendation which was not a final and appealable decision, No. 1l-12429-H.  These dismissals thus appear to "meet[] the criteria of the criteria of Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.'" Vale v. Florida Parole Com'n, 2011 WL 6151536, * 1 (N.D. Fla. Oct. 11, 2011) (citations omitted). "Such a dismissal should count as a "strike" under 28 U.S.C. § 1915(g)." Id.; see also, e.g., Knapp

v. Tilton, 2008 WL 1995053 * 2 (N.D. Cal. May 7, 2008) (counting dismissal of appeal because the order challenged in the appeal was not final or appealable as a strike under § 1915(g). But see, Haury v. Lemmon, 656 F.3d 521, 523 (7th Cir. 2011) (holding that dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g) when the assertion of jurisdiction is not itself found to be frivolous); Thompson, 492 F.3d at 440 ("Dismissals for lack of jurisdiction do not count as strikes unless the court expressly states that the action or appeal was frivolous or malicious."); Woods v. Curry, 2012 WL 1898647 * 1 (9th Cir. May 25, 2012) (holding that district court improperly denied request to proceed *in forma pauperis* because the dismissals of his appeals for lack of jurisdiction without first determining that the appeal was frivolous, malicious or failed to state a claim); Tafari v. Hues, 473 F.3d 440, (2nd Cir. 2007) (holding that appeal filed prior to entry of district court's final order, which was dismissed for lack of jurisdiction, was not "frivolous" and did not constitute "strike").

In light of all of these dismissals, the undersigned finds that Plaintiff has exceeded the three strikes allowed by § 1915(g). Accordingly, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of ' 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff did not allege the existence of any such danger in his Complaint. The undersigned thus agrees that Plaintiff is barred from proceeding *in forma pauperis* in present action, and his Complaint is due to be dismissed.

Even if Plaintiff had not yet accumulated three strikes at the time his Complaint was filed, Defendants are also correct that Plaintiff's failure to fully disclose all of his prior lawsuits warrants dismissal of his Complaint. Question seven on the complaint form completed by Plaintiff specifically asked him to list any other civil lawsuits he had filed while incarcerated and instructed that "[i]f you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper,

giving the same information for each." (Compl. [ECF No. 1] at 2). The complaint form further warned Plaintiff that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Id. (emphasis in original).

Despite the fact that Plaintiff has actually filed at least seven prior lawsuits in the district courts, Plaintiff only disclosed one prior filing. Question 7 was not ambiguous. Plaintiff was simply was not truthful in his answer and has not provided any excuse for this failure to disclose his prior lawsuits. Based on this, the undersigned finds that Plaintiff provided false information in his Complaint. Plaintiff's Complaint is thus also subject to dismissal for "abuse of the judicial process." Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* § 1983 action); see also, e.g., Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Secretary Fla. for Dept. of Corr., 380 F. App'x 939, (11th Cir. 2010) (same); Copeland v. Morales, 2011 WL 7097642, * 4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing dishonest information about his prior filing history).

For these reasons, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.

**SO RECOMMENDED**, this 15th day of August, 2012.

                                              s/ Charles H. Weigle_____
                                              Charles H. Weigle
                                              United States Magistrate Judge